## STARR et al. v. STARR.

No. 9812—Opinion Filed March 23, 1920.

Rehearing Denied April 20, 1920

(Syllabus by the Court.)

1. **Indians—Unallotted Choctaw-Chickasaw Lands—Title—Patent.**

The title to unallotted lands in the Choctaw and Chickasaw Nations is held in trust by the United States for the use and benefit of the Indians, respectively, comprising each of said tribes, and their heirs, and is divested by the issuance and delivery of patent under rules and regulations prescribed by the Secretary of the Interior.

2. **Same—Public Sale—Resulting Trust.**

An action will not lie to establish a resulting trust in unallotted lands of the Choctaw and Chickasaw Nations, sold at public sale, prior to the full payment of the purchase price and the issuance and delivery of patent therefor.

Error from District Court, Grady County; Will Linn, Judge.

Action by Lillie Starr against Jacob Starr and another. Judgment for plaintiff, and defendants bring error. Reversed.

Barefoot & Carmicheal and Joseph Hanover, for plaintiffs in error.

Barton & Barton and Bond, Melton & Melton, for defendant in error.

RAINEY, J. This action was commenced in the district court of Grady county by Lillie Starr, as plaintiff, against Jacob Starr, a minor, and H. B. Holder, defendants, for the purpose of establishing a resulting trust in a 140-acre tract of land. Plaintiff alleged in her petition, and the evidence shows, that she and Ben Starr were husband and wife, and that Jacob Starr, defendant herein, was the minor son of Ben Starr by a former marriage. It is plaintiff's contention that while she and Ben Starr were living in Memphis, Tennessee, they agreed to purchase certain land advertised by the government at an unallotted land sale, and that pursuant to their understanding and agreement, Ben Starr came to Oklahoma and purchased 170 acres of land at said sale, purchasing 140 acres in the name of Jacob Starr, and 30 acres in the name of the plaintiff; that the funds with which Ben Starr made the cash payments required under the rules of the sale were advanced by her, and that said purchase was made by Ben Starr for her use and benefit. Plaintiff further contends that, although the certificate of purchase for the 140 acres in controversy was issued in the name of Jacob Starr, the said Jacob Starr never at any time made any payments on said land. The evidence adduced at the trial shows that the original purchase price of the land was $1,785. At the time of the purchase plaintiff paid $446.25, and on June 3, 1913, paid $499.56 principal and $69.76 interest, and at the time of the trial there was still due the government on the purchase price the sum of $889.19. Therefore, final payment had not been made and the patent to the lands had not been issued and delivered. Under this state of facts the trial court instructed a verdict for the plaintiff.

It is the contention of the plaintiffs in error that, since the title to the land in controversy at the time of the institution of the suit was in the government of the United States for the benefit of tne Indians, an action to impress a resulting trust thereon could not successfully be maintained. The identical question thus presented was before this court in the comparatively recent case of Ward v. Ward et al., 74 Oklahoma, 182 Pac. 675, wherein this court held that an action would not lie to establish a resulting trust in unallotted lands of the Choctaw and Chickasaw Nations, sold at public sale, prior to the full payment of the purchase price and the issuance and delivery of patent therefor. Therefore, the suit was prematurely brought and the court was in error in instructing a verdict for the plaintiff.

The cause is reversed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.